IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN ANDREW KISTER,<br>AIS # 264274, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:26-CV-580-WKW |
| | ) | [WO] |
| WARDEN McKEE and ADOC<br>EMPLOYEE IN CHARGE OF THE<br>COMMISSARY STATEWIDE, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Plaintiff John Andrew Kister, an inmate in the custody of the Alabama Department of Corrections (ADOC), filed this *pro se* 42 U.S.C. § 1983 complaint against two Defendants:  Warden McKee and the ADOC employee in charge of the commissary statewide.  (Doc. # 1.) The complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  For the following reasons, Plaintiff's complaint will be dismissed without prejudice.

### II.  STANDARD OF REVIEW

Plaintiff, a prisoner, is proceeding *in forma pauperis* (IFP).  (Doc. # 6.)  Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review.  The complaint also is subject to screening under § 1915A.  Sections 1915

and 1915A require the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii); § 1915A(b)(1)–(2).[1]

A complaint must be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii); § 1915A(b)(1). This review follows the same standard governing dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Hence, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet the plausibility standard, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The

---

[1] The language in § 1915(e)(2)(B)(i)–(iii) is nearly identical to the language in § 1915A(b)(1)–(2). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would be the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical). Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

2

allegations must present a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings are liberally construed and held "to less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

### III.  THE COMPLAINT'S ALLEGATIONS

In his complaint, Plaintiff alleges ongoing disparate treatment of mentally ill prisoners confined in the Residential Housing Unit (RHU) at Bullock Correctional Facility. Plaintiff contends that he and other prisoners in the RHU, all of whom have "serious mental illnesses," are restricted to three tobacco items and six bags of coffee per week whereas general-population inmates are limited to nine tobacco products and ten coffees per week. (Doc. # 1 at 4.) He further contends that the greater restriction placed on RHU inmates amounts to discrimination based on those inmates' mental illness. (*Id.*)

3

Plaintiff argues that Warden McKee is aware of the restriction and could remove it at any time. He also argues that the ADOC employee in charge of the commissary statewide has the final say in commissary restrictions and could remove restrictions at any time. (*Id.*) As relief, he requests (1) $5,000 in compensatory damages, (2) $5,000 in punitive damages, and (3) that the restriction on RHU prisoners be made even with the general-population prisoners. (*Id.* at 5.)

## IV.  DISCUSSION

Plaintiff brings this action under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements:  First, he must allege a violation of a right protected by federal laws; second, he must allege that the violation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at *3 (11th Cir. Aug. 29, 2025) (per curiam).

## A.    <u>Equal Protection Claim</u>

Liberally construing the complaint, Plaintiff seems to allege a violation of his equal protection rights afforded to him by the Fourteenth Amendment to the United

States Constitution.[2]   The Fourteenth Amendment's Equal Protection Clause guarantees that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  To state an equal protection claim, an inmate-plaintiff generally must allege "that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis."  *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318–19 (11th Cir. 2006) (citing *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001) (per curiam); *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932–33 (11th Cir. 1986) (per curiam)).

There are two types of equal protection claims:  traditional and "class of one."  A traditional equal protection claim alleges discrimination against a constitutionally protected class.  *See Griffin Indus. v. Irvin*, 496 F.3d 1189, 1200 (11th Cir. 2007) (identifying the case as "not a normal equal protection case" because the claimant did not allege discrimination based on membership in a protected class).  A "class of one" equal protection claim, on the other hand, alleges that the plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Id.* at 1202.

---

[2] In Plaintiff's "affidavit of facts," dated July 24, 2026, he contends that "[t]he restriction [on coffee and tobacco products] violates the Equal Protection Clause of the U.S. Constitution."  (Doc. # 4.)

5

Plaintiff fails to allege a traditional equal protection claim. Although he alleges that he is being discriminated against because he has a serious mental illness, individuals who are suffering from mental illness are not a constitutionally protected class. *See, e.g.*, *Kister v. Jones*, 2023 WL 5969083, at \*6 & n.6 (M.D. Ala. Aug. 14, 2023) (rejecting inmate-plaintiff's traditional equal protection claim because he did not allege that he suffered discriminatory treatment based on a suspect class or other constitutionally protected basis and reasoning, "[t]o the extent Plaintiff's allegations could be construed as asserting that mentally ill inmates are a suspect class, such assertion fails" (citing *Lussier v. Dugger*, 904 F.2d 661, 671 (11th Cir. 1990) (relying on *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 446 (1985))))), *R&R adopted*, 2023 WL 5963724 (M.D. Ala. Sept. 13, 2023). Because mental illness has not been deemed a constitutionally protected class by the United States Supreme Court, Plaintiff's traditional equal protection claim of discrimination based on his mental illness must fail.

Plaintiff's "class of one" equal protection claim likewise fails because he has not alleged that he "has been intentionally treated differently from others similarly situated. *Irvin*, 496 F.3d at 1202. "To be 'similarly situated,' comparators must be 'prima facie identical in all relevant respects.'" *Matthews v. Town of Autaugaville*, 574 F. Supp. 2d 1237, 1242 (M.D. Ala. 2008) (quoting *Campbell v. Rainbow City*, 434 F.3d 1306, 1314 (11th Cir. 2004)). In *Kister v. Jones*, the magistrate judge

6

recommended that the defendant's summary judgment motion be granted on the plaintiff's class-of-one equal protection claim because the plaintiff, who was housed in the Residential Treatment Unit (RTU) at Bullock Correctional Facility, "failed to show that he was similarly situated to the inmates in general population." 2023 WL 5969083, at *6.  Noting various differences between RTU inmates and general-population inmates, the magistrate judge concluded that the general-population inmates were not prima facia identical to the plaintiff in all relevant respects. *Id.*; *cf. Parker v. Dunn*, 2018 WL 4189671, at *7–8 (M.D. Ala. Aug. 6, 2018) (holding that an inmate in close custody was not similarly situated to general-population inmates); *Golston v. Hetzel*, 2015 WL 758474, at *18 (M.D. Ala. Feb. 23, 2015) ("[I]t is clear that inmates confined in segregation and those housed in general population are not similarly situated.").  In this case, the same principles apply:  Plaintiff, who is housed in the RHU at Bullock Correctional Facility, and the inmates in general population are not "prima facia identical in all relevant respects." *Matthews*, 574 F. Supp. 2d at 1242; *accord Kister*, 2023 WL 5969083, at *6.

Even if Plaintiff had alleged that he is similarly situated to general-population inmates at Bullock Correctional Facility and that he has been treated differently than those inmates, it would be exceedingly difficult for him to demonstrate that "there is no rational basis for the difference in treatment." *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1202 (11th Cir. 2007).  On rational-basis review under the Equal Protection

Clause, state action will be upheld "if there is any reasonably conceivable state of facts that could provide a rational basis for it." *Humphreys v. Comm'r, Ga. Dep't of Corr.*, 161 F.4th 1300, 1309 (11th Cir. 2025) (per curiam); *see also Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 (11th Cir. 2009) (stating that the rational-basis standard is "easily met"). There is a plethora of conceivable, rational reasons for prison officials wanting to limit mentally ill inmates' caffeine and tobacco consumption, including but certainly not limited to potential interactions with medications.

Plaintiff thus fails to state a viable equal protection claim under both a traditional and a "class of one" theory, and his complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**B.      Futility of Amending the Complaint**

Generally, the district court will afford a *pro se* prisoner an opportunity to amend his complaint at least once. *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014) (per curiam). However, a district court is not required to allow an amendment that would be futile. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (per curiam) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)). An amendment is considered futile, if the complaint, as amended, "would still be properly dismissed." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (citing *Cockrell*, 510 F.3d at 1310). No amendment to

this complaint would remedy the fact that Plaintiff is neither part of a constitutionally protected class nor similarly situated to the general-population prisoners to whom he attempts to compare himself.  Therefore, leave to amend will not be granted.

## V.  CONCLUSION

Based on the foregoing, Plaintiff's complaint fails to survive the mandatory screening required by 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Accordingly, it is ORDERED that Plaintiff's complaint is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 11th day of August, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

9